UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LLOYD ANDREW SHABAIASH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL CAMIEN,<br>Commissioner of Public Safety,<br><br>    Defendant. | Civil No. 10-3159 (DWF/SRN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Minnesota Correctional Facility in Rush City, Minnesota, commenced this action by filing a filing a civil complaint, and an application seeking leave to proceed <u>in forma pauperis</u>, ("IFP") . (Docket Nos. 1 and 2.) The Court previously reviewed Plaintiff's initial submissions and determined that Plaintiff's IFP application could not be addressed, and this case could not go forward, until after Plaintiff paid an initial partial filing fee of $86.20, as required by 28 U.S.C. § 1915(b)(1). (<u>See</u> Order dated July 30, 2010; [Docket No. 3].) Plaintiff recently paid his initial partial filing fee, (Docket No. 7), so this case can now proceed.

The matter is presently before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue a Defendant named Michael Camien, who is identified as the "Commissioner of Public Safety." The "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in its entirety, is as follows:

> "1. Use of defect machine intoxilyzer 500 en
> 2. Loss of my freedom 64 months in prison
> 3. Indangering [sic] my safety by being in prison
> 4. Putting strain on my life on health
> 5. Have health problems
> 6. Depression
> 7. Affecting my relationship
> 8. Lost everything I had."[1]

(Complaint, p. 4, § 7.)

The complaint indicates that federal subject matter jurisdiction supposedly exists under the "federal question" statute, (28 U.S.C. § 1331), but Plaintiff has not identified any specific federal law, or any specific provision of the federal Constitution, on which his lawsuit is based. (Id., p. 3, §§ 3 and 4.)

Plaintiff describes the relief he is seeking in this case as follows:

> "Monetary compensation amount $250,000.00
> 1. For Loss of freedom do [sic] to the Intoxilyzer 550 en
> 2. Loss my place of residence loss of license
> 3. Court could over turn my 1st degree D.W.I. conviction
> 4. Set me free
> 5. Get the felony off my record."

(Id., p. 4., "Request for Relief.")

Nothing in Plaintiff's submissions sheds any further light on the factual or legal basis for his present lawsuit.

---

[1] These "allegations" are followed by a list of dates that have no readily ascertainable significance.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff has clearly failed to state a cause of action, because his complaint does not describe anything that the named Defendant allegedly did, or failed to do, that would entitle Plaintiff to any judgment against Defendant based on any legal theory. Indeed, the complaint does not describe any specific historical events; the complaint does not describe any acts or omissions by the named Defendant, (and, in fact, Defendant is not even mentioned in the "Statement of Claim" section of the complaint); and the complaint does not identify any legal basis for Plaintiff's lawsuit. Therefore, Plaintiff's complaint clearly fails to state any cause of action on which relief could be granted.

The Court also finds that Plaintiff's current lawsuit is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Habeas corpus is the exclusive federal remedy for a prisoner who is challenging the validity of his conviction or the length of his confinement. Heck, 512 U.S. at 481. Even when a prisoner-plaintiff seeks only money damages, he cannot prosecute a civil rights claim that would effectively "call into question the lawfulness of [his] conviction or confinement." Id. at 483. See also, Edwards v. Balisok, 520 U.S. 641 (1997); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In this case, Plaintiff is clearly seeking relief that would cast doubt on the validity of his current confinement. He is specifically asking the Court to (a) overturn the conviction for which he is presently incarcerated, (b) remove his conviction from his criminal record, and (c) award him compensation for his allegedly wrongful loss of freedom. Such relief, however, is not available in a civil rights action. According to Heck, the validity of Plaintiff's

4

confinement is a subject that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- presumably a state or federal habeas corpus proceeding -- that he has been wrongly convicted and incarcerated.

In short, any civil rights claim that would directly or implicitly challenge the fact or duration of Plaintiff's incarceration would be premature, at best. Plaintiff cannot bring a civil rights claim seeking relief for his allegedly wrongful incarceration, unless he first establishes, in a state or federal habeas corpus action, that he was, in fact, wrongly incarcerated. Because this pre-condition has not been met, Plaintiff cannot seek relief here for his allegedly wrongful confinement.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (Docket No. 2), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2] To date, Plaintiff

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

has paid only $86.22, so he still owes $263.78. Prison officials will have to deduct that amount from Plaintiff's prison trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $263.78, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: October 18, 2010

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 2, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.